## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | **Chapter 7** |
| **WILTON ARMETALE, INC., aka WAPITA, INC.,** | : | |
| **Debtor** | : | **Case No. 16-16779 (JKF)** |
| ─────────────────────── | | |
| **WILTON ARMETALE, INC., aka WAPITA, INC. and ARTESANIAS HACIENDA REAL S.A. De C.V.** | : : | |
| **Plaintiffs** | : | |
| **v.** | : | |
| **GORDON BROTHERS COMMERCIAL & INDUSTRIAL LLC,** | : | |
| | : | **Adversary No. 18-200** |
| **Defendant** | : | |
| ─────────────────────── | | |

# MEMORANDUM OPINION

The Court's own review of the causes of action raised in the above captioned adversary prompted it to examine the jurisdictional basis for these claims. After a thorough analysis of the record, the Court concludes that it lacks subject matter jurisdiction over the Plaintiff's claims. For that reason, this adversary proceeding will be dismissed.

*Background*

This complaint was brought in the above-captioned Chapter 7 proceeding. Because the Chapter 7 Trustee appointed to administer the estate[1] would typically be the party in interest to bring suit, it was unclear to the Court why he was not the plaintiff in this suit. It was at this point that the Court became unsure as to whether it had subject matter jurisdiction in the first instance. In such circumstance, a federal court is obligated to determine whether it has subject matter jurisdiction before proceeding to the merits of the case. *See In re Spree.Com Corp.*, 295 B.R. 762, 768 (Bankr. E.D. Pa. 2003) ("Bankruptcy courts, like any federal court, are obliged to raise *sua sponte* the question of their subject matter jurisdiction.")

*Subject Matter Jurisdiction and*
*Claims Against Third Parties*

Jurisdiction of the bankruptcy court begins with the grant of authority to the district court:

**(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

**(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

28 U.S.C. § 1334. From there, bankruptcy cases are referred to the bankruptcy judges:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

---

[1] David A. Eisenberg was appointed as the Chapter 7 Trustee in this case on September 27, 2016.

28 U.S.C. § 157(a). The District Court for the Eastern District of Pennsylvania has referred all such cases. *See* Local Rules of United States District Court for the Eastern District of Pennsylvania, L.R. 1.1.1(d).

The bankruptcy judge is empowered to enter final judgment on those matters central to a bankruptcy case:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(1). The Third Circuit has held that a proceeding is core if it involves a substantive right provided by title 11, or if it is a proceeding that, by its nature, could arise only in the context of bankruptcy. *In re Marcus Hook Dev. Park, Inc.* 943 F.2d 261, 267 (3d Cir.1991).

However, in addition to cases and core proceedings, the bankruptcy judge may also hear "related" proceedings:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). A proceeding is "related to" a bankruptcy case if it "could conceivably have [an] effect on the estate being administered in bankruptcy." *Pacor Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

As to the parties' statements as to jurisdiction in their pleadings, they agree that

3

some level of jurisdiction in this Court exist but differ as to its extent. The Plaintiff avers

that this action constitutes a core proceeding, specifically one that involves

administration of the estate, avoidance and recovery of fraudulent transfers, and other

proceedings affecting the liquidation of the estate. *See* Compl. ¶ 3 (asserting jurisdiction

under 28 U.S.C. § 157(b)(2)(A), (H), and (O)). The Defendant denied that this Complaint

alleges a core proceeding and stated, instead, that the action was related to this

bankruptcy proceeding. Ans. ¶ 3. This disagreement alone was enough to prompt the

Court to investigate the Complaint's jurisdictional basis.

*The Complaint and its*
*Effect on the Estate*

The Complaint pleads 4 counts[2] each of which alleges prepetition misdeeds on

the part of the Defendant. Prior to filing bankruptcy these claims belonged to the Debtor.

As expected, the Debtor's schedules list claims against Gordon Bros. among its

property. See Schedule A/B, Item #74, Causes of Action against Third Parties, Rider

appearing after p.4. After the filing of the Chapter 7 proceeding, such claims belong to

the debtor's estate. *See* 11 U.S.C. § 541(a)(1) (including in the estate all legal and

equitable interests of the debtor in property as of the commencement of the case); *see*

*also In re Covenant Partners, L.P.*, No. AP 16-226, 2017 WL 1532548, at *3 (Bankr.

E.D. Pa. Apr. 25, 2017) (including among such interests lawsuits against third parties)

---

[2] Counts I and II alleged violations of the Pennsylvania Voidable Transfer statute, 12 P.S. §§5104 and 5105, Count III alleges aiding and abetting a fiduciary breach and commercial bribery, and Count IV pleads unjust enrichment.

*Trustee's Disposition of the*
*Claims Against Gordon Bros.*

That does not mean, however, that the Trustee would necessarily decide to bring

suit. Compromise or release of such claims might be in the estate's best interests where

circumstances so indicate. In reviewing the Trustee's administration of this estate, it

appears that the claims against Gordon Bros. were bargained away as part of a larger

settlement. In February 2018, the Trustee filed a Motion for Authority to make an Interim

Distribution and to Pay Partial Compensation to Professionals. Case No. 16-16779,

Docket # 124. Co-Plaintiff Artesanias objected but a settlement was reached which

required, among other things, that the Trustee abandon certain claims against specified

third parties. *Id.*, Docket # 132, Ex. A, ¶ 8a. That settlement provided that the claims

against Gordon Bros., and others were abandoned.[3] *Id.*, Docket # 157, Stipulation and

Consent Order Resolving Response to Proposed Abandonment Order, ¶ 1. The

Stipulation was approved by the Bankruptcy Court. *Id.*, Docket # 159. Most importantly,

the Trustee's divestiture of the estate's interest in the claims against Gordon Bros.

appears to have been complete: neither the Wilton *estate*[4] nor the Jeffery estate[5] is

entitled to share in any proceeds which might result from this lawsuit. *Id.* ¶ 2.

This last fact is crucial in determining whether this Court may exercise even the

limited subject matter jurisdiction which may apply to non-core matters. If the estate can

---

[3] Section 554 of the Bankruptcy Code permits a trustee to abandon any property of the estate
which is either burdensome or of inconsequential value. 11 U.S.C. § 554(a). Such property is
deemed abandoned to the debtor. 5 *Collier on Bankruptcy*, ¶ 554.01 [16th ed]
[4] It requires repeating that abandonment of these claims is to Wilton and not its estate. Wilton
was acquired prepetition by an affiliate of Artesanias. *See* Compl. ¶¶ 7, 23. This explains why
Wilton and Artesanias appear as co-Plaintiffs.
[5] Ivan Jeffery, the former principal of Wilton, Inc., is currently a Chapter 7 Debtor in Case No. 16-

expect no recovery from the Gordon Bros. litigation, then the outcome of the suit cannot affect the estate. What remains then is a dispute between two non-debtors. This Court is not the place to adjudicate that claim.

*Summary*

When the Chapter 7 Trustee abandoned the estate's claims against the Defendant, this Court became deprived of subject matter jurisdiction to hear the claim. For that reason, the Court must dismiss this adversary proceeding.

An appropriate Order follows.

BY THE COURT

Date: March 11, 2019

_____
Jean K. FitzSimon
United States Bankruptcy Judge

Copies to:

<u>Plaintiffs' Counsel</u>
Barry Goldin, Esquire
3744 Barrington Drive
Allentown, PA 18104
barrygoldin@earthlink.net

John R.K. Solt, Esquire
Gateway Professional Center
2045 Westgate Drive, Suite 404B
Bethlehem, PA 18017
jsolt.soltlaw@rcn.com

<u>Defendant's Counsel</u>
Robert Lapowsky, Esquire
Evan Coren, Esquire
STEVENS & LEE
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
rl@stevenslee.com
ebc@stevenslee.cm

Kevin C. Quigley, Esquire
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
kquigley@choate.com